CRANCER & CURTICE COMPANY V. MCKINLEY MUSIC COMPANY.

FILED SEPTEMBER 17, 1903. No. 12,454.

Error: TRANSCRIPT. Upon petition in error to this court, the proceedings of the district court can be shown only by a transcript of the records of that court duly certified. Affidavits can not be used to supply omissions in such transcript.

ERROR to the district court for Lancaster county: EDWARD P. HOLMES, DISTRICT JUDGE. *Affirmed.*

*Lionel C. Burr* and *Charles W. Burr,* for plaintiff in error.

*J. A. McGraw and Mockett & Polk,* contra.

SEDGWICK, J.

This case is brought here upon petition in error from the district court for Lancaster county. The transcript filed with the petition in error is certified to by the clerk of that court to be a true and correct transcript of the petition and answer, and various other proceedings specified in the certificate, but does not purport to contain any "amended answer."

It is conceded by counsel for both parties in their briefs that the case was appealed from the county court of Lancaster county, but there is nothing in the transcript to show that fact except there is copied in the transcript a paper entitled "Answer in the County Court of Lancaster County, Nebraska." This does not purport to have been certified to in any manner by the county court as the original answer filed in that court, nor as a true copy thereof. The plaintiff in the district court filed a petition alleging a cause of action for certain goods sold to the defendant. The defendant filed an answer admitting the allegations of the petition and alleging a counter-claim for damages. A general demurrer was filed to this answer, which was sustained by the court, to which ruling the defendant excepted; but the record shows that the defendant thereupon took leave to file an amended answer, and subsequently took leave to amend his answer already filed by interlineation. Neither of these amendments appears to have been made, but the action of the defendant in taking such leave would be a waiver of the error, if any, of the district court in sustaining the demurrer to his answer. Afterwards it appears that a motion was made to strike an amended answer from the files for the reason that "the same states a new and different cause of action from that

upon which this case was tried in the county court." This motion was sustained by the court; the defendant excepted, and has brought the case here for review, alleging that the court erred in striking the amended answer from the files. Both parties, in their briefs, assume that the answer was amended by interlineation, but there is nothing in the record which shows what that amendment was.

The answer copied in the record does not purport to be an amended answer, and there is nothing in the record to show that the paper copied in the transcript is in fact the amended answer which was stricken from the files by the order complained of.

An attempt appears to have been made to remedy some of these defects by affidavits, but the proceedings of the district court must be shown by a transcript of the records of that court duly certified; it can not be done by the affidavits of the party interested. The defects referred to, and others, arising from the careless manner of making up the record before us, are pointed out and insisted upon by defendant in error, and, of course, can not under such circumstances be disregarded.

No error appearing, the judgment of the district court is

AFFIRMED.