### FORMAN v. NEW YORK TRANSP. CO.

(Supreme Court, Appellate Term.    October 27, 1905.)

1. NEGLIGENCE—INJURY TO CAB STRUCK BY COACH—OWNERSHIP OF COACH— EVIDENCE—SUFFICIENCY.

Evidence in an action for injuries to a cab by being run into by a stagecoach examined, and *held* insufficient to show that defendant owned and operated the coach.

2. APPEAL—RECORD—DEFECTS—AMENDMENTS.

Where the return on appeal does not contain all the proceedings, etc., a motion must be made to amend it, and affidavits by appellant will not be considered; the return being conclusive on the appellate court.

[Ed. Note.—For cases in point, see vol. 3, Cent. Dig. Appeal and Error, §§ 2865, 2866.]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Max Forman against the New York Transportation Company. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before SCOTT, P. J., and BISCHOFF and FITZGERALD, JJ.

Arthur K. Wing, for appellant.
Jacob Silverstein, for respondent.

SCOTT, P. J. In this action, brought to recover damages for injuries to a hansom cab owned by the plaintiff and alleged to have been run into by a stagecoach drawn by two horses upon Fifth avenue, the only testimony as to ownership of the stagecoach was that of the plaintiff, who at first testified that upon the stage was the words "New York Transportation Co. No 14." Subsequently he modified that statement, and the most he would testify to was that the coach had upon it the "No. 14," and somewhere upon the inside upon a small piece of paper the words "New York Transportation Company"; that upon the outside it said, "To go to the Art Museum at 82d St. & 5th. Ave.," also the words, "5th Avenue"; that one sign upon the inside said, "If you want to hire an automobile or anything like that, you go up to the New York Transportation Co."; that at the money box there was a sign "that it was in the laws that you cannot ride free"; and that on the walls next to the money box it said "New York Transportation Company." After the plaintiff had rested, the attorney for the defendant was sworn as a witness for the defendant, and, after having testified that he was employed in the office of the defendant company, and that he was also in the office of the Fifth Avenue Stage Company, and was familiar with their operating plants, was asked, "Who operates the Fifth Avenue stagecoaches, run by horse power on and along Fifth avenue?" This was objected to upon several grounds, among others that he was not an officer of the corporation. This objection was sustained. The court then, without objection, asked substantially the same question, and drew out from the witness the statement that the Fifth Avenue Coach Company operated the stage line propelled by horse power, and that the defendant company did not operate any horse vehicle for the transportation of passengers. The plaintiff's counsel then examined the witness, and proved by his positive statements that the defendant did not run any vehicles to which horses were attached for any purpose in the city of New York. It further appeared, also without objection, that the vehicles operated by the defendant were electric vehicles, and no others. As against the hazy and decidedly uncertain testimony of the plaintiff as to the identity of the vehicle by which his cab was damaged, this testimony must prevail.

The affidavits handed up by appellant have not been considered and this practice is reprehensible. If the return, which is conclusive upon this court, does not contain all the proceedings, etc., a motion should be made to amend the same.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.