STATE ex rel. PEART et al. v. THIRD JUDICIAL
DISTRICT COURT, SALT LAKE COUNTY, et al.

No. 1832.   Decided May 9, 1907, and on rehearing August 1, 1907
(91 Pac. 133).

1. JUSTICES OF THE PEACE—APPEAL—NOTICE OF FILING OF UNDER-
TAKING. Under Revised Statutes 1898, section 3748, relating to
appeals from a justice's court to a district court, and providing
that on the filing of an undertaking on appeal notice thereof
shall be given the adverse party, who may, within two days,
except to the sufficiency of the sureties, notice merely of an in-
tention to file an undertaking will not support an appeal, but
under that section notice that the undertaking has been filed must
be given.

ON PETITION FOR REHEARING.

2. SAME—NOTICE OF APPEAL—TIME OF FILING. Under Revised Stat-
utes 1898, section 3744, requiring an appeal from a justice's

court to a district court to be taken by filing notice thereof with the justice and serving a copy on the adverse party, the filing of a notice must either precede its service, or the filing and service must be contemporaneous, that is, on the same day.

3. SAME—APPELLATE JURISDICTION—CHANGE OF LAW. The jurisdiction of a district court of an appeal from a justice's court must be determined with regard to the law at the time of that appeal.

Application by the state, on relation of Jacob Peart and others, for a writ of prohibition against the Third judicial district court, Salt Lake county, and T. D. Lewis, judge.

WRIT ISSUED.

*E. A. Walton* for petitioner.

*James Ingebretzen* for respondent.

STRAUP, J.

This is an application made to this court for a writ of prohibition. The relator obtained a judgment in the justice court against one William Hendrickson which was rendered on the 23d day of September, 1904. On the 28th day of that month the attorney for Hendrickson served on the attorney of the relator a notice of an appeal from the justice court to the district court, and at the same time served a notice "that the defendant is about to file his undertaking on appeal with ——," sureties, naming them. Both notices were filed in the justice court on the 1st day of October, but the undertaking was not filed until the 4th day of October. The transcript of the record was transmitted by the justice to the district court on the 24th day of October. On the 31st day of December the relator moved the district court to dismiss the appeal for want of jurisdiction. The motion was denied, and hence the application is here made to prohibit the district court from assuming jurisdiction of the case and trying it on merits.

Section 3748, Rev. St. 1898, relating to appeals from the justice court to the district court, provides:

"When an undertaking on appeal is filed, notice of such filing shall be given to the respondent. . . . The adverse party may, however, except to the sufficiency of the sureties within two days after notice of the filing of the undertaking, and unless they or other sureties justify before the justice from whose court the appeal is taken, within two days thereafter, upon notice to the adverse party, the appeal shall be regarded as if no undertaking had been given."

Section 3747 provides that an appeal from a justice court shall not be effectual for any purpose unless an undertaking be filed within five days after filing the notice of appeal. The contention made by the relator is that the defendant Hendrickson was required to give notice, not of an intention of filing an undertaking, but notice of the filing of the undertaking; that such a notice was not given, and hence the filing of the undertaking must be regarded as no undertaking, and therefore the appeal is ineffectual and the district court is without jurisdiction. We think the position is well taken.

The filing of the undertaking and the serving of notice of such filing is by statute made a prerequisite to effectuating an appeal. To hold that a notice of a mere intention to do so, which the adverse party is bound to respect and treat as a compliance with the statute, makes it incumbent upon him to watch the record during the period within which an appeal might be taken, in order that he may not lose his right to except to the sufficiency of the sureties. To so hold, would give a party appealing from a justice court the right to serve his notice of appeal and notice of intention of filing an undertaking the day after the rendition of the judgment, hold both and file them on the thirtieth or last day on which an appeal might be taken, and then within five days thereafter file the undertaking, during all of which time the adverse party would be under obligation to watch the record in order that he may avail himself of the privilege of excepting to the sufficiency of the sureties. If, on the other hand, it should be said that the exception could be made within two days after the service of the notice of intention, it is apparent that such exception would be of no legal effect, because there would be no undertaking on file, to the sureties of

which he could properly take exception. In this case six days intervened between the service of the notice of the intention and the filing of the undertaking. The statute provides that the adverse party may except to the sufficiency of the sureties within two days "after notice of the filing of the undertaking." Had the relator excepted to the sufficiency within two days after the service made upon him, he would have found that no undertaking was on file. He was not bound to keep watch of the record thereafter, and to take notice of the filing of the undertaking when made, for the statute plainly requires notice of the filing of the undertaking. We, however, do not wish to be understood as saying that notice of filing an undertaking cannot be given at the same time or on the same day that the undertaking is filed, although the service of notice, in point of time, precedes the filing of the undertaking. What we do say is, that a party appealing cannot serve his notice of appeal and a mere intention of filing an undertaking, hold them at his pleasure, and then file them, together with the undertaking, any time thereafter within the period in which an appeal may be taken, without giving notice of the filing of the undertaking, and thus compel the adverse party to watch the record during all that time in order that he may not lose his right to except to the sufficiency of the sureties. The evident purpose of the statute was to obviate just such a difficulty, by requiring the giving of notice of the filing of the undertaking.

Let the writ issue. Such is the order.

McCARTY, C. J., and FRICK, J., concur.

## ON REHEARING.

STRAUP, J.

In our original opinion we reached the conclusion that the district court was without jurisdiction because no notice was given of the filing of the undertaking as required by statute. At the hearing a further point was made, that the notice of appeal was ineffectual because served on the 28th day of September and filed on the 1st day of October. Having held

that the district court was without jurisdiction because of the first point, we deemed it unnecessary to determine whether it also was without jurisdiction because of the second point. On petition for rehearing the respondent complains because the second point was not decided, principally for the reason, as is stated, that there are other cases pending in the district court awaiting a decision of this question. We have concluded to decide it without granting a rehearing.

The statute provides that "the appeal [from the justice court to the district court] shall be taken by filing a notice thereof with the justice and serving a copy on the adverse party." Under this statute the plaintiff contends that the notice must be first filed and then served, or that the filing and service must be contemporaneous, that is, on the same day; and as the notice was served on the 28th day of September and filed on the 1st day of October it, for that reason, was ineffectual, and the court was without jurisdiction. The decisions are not harmonious upon the question. The following cases hold that under such a statute the filing of the notice must either precede or be contemporaneous with the service, else it will be ineffectual: *Buffendeau v. Edmondson*, 24 Cal. 94; *Lynch v. Dunn*, 34 Cal. 518; *Lyon County v. Washoe County*, 8 Nev. 177; *Daniels v. Daniels*, 9 Colo. 133, 10 Pac. 657; *Courtright v. Berkins*, 2 Mont. 404; *Slocum v. Slocum*, 1 Idaho 589; *State v. Superior Court*, 17 Wash. 54, 48 Pac. 733. The following cases seem to hold that the order of filing and service of the notice is immaterial, if both are done within the time the statute prescribes an appeal may be taken; *Coker v. Superior Court*, 58 Cal. 177; *Hall v. Superior Court*, 68 Cal. 24, 8 Pac. 509; *Hall v. Superior Court*, 71 Cal. 551, 12 Pac. 672; *Reynolds v. Corbus*, 7 Idaho 481, 63 Pac. 884.

We are unable to harmonize these conflicting views. We are inclined to the view that the filing of the notice must precede the service, or that the filing and service must be done at the same time, that is, on the same day. We think this is so, for the reasons stated by the courts in the cases first cited, which are, that the filing of the notice is made a con-

stituent element of its character as a notice, and if the filing does not precede the service, nor is contemporaneous therewith, that which may purport to be a copy of a notice fails to be such for the want of an original or counterpart, and that it compels the respondent to continually watch the clerk's or the justice's office to see when it is done. We are somewhat led to this conclusion because of the amending of section 3744, Rev. St. 1898, making the order of service immaterial. (Sess. Laws 1907, p. 257, c. 160, section 3744.) Before making the amendment the Legislature evidently considered the order of service material. If not, the amendment was useless. This amendment was made more than two years after the appeal from the justice to the district court was taken and the ruling on the motion to dismiss the appeal was made.

We are asked to consider the question of the court's jurisdirection with respect to the amendment. We cannot do so. The jurisdiction of the court must be determined as the law was when the appeal was taken.

We are of the opinion that the notice of appeal was ineffectual, and that the court, also, for that reason, was without jurisdiction.

Let the petition for rehearing be denied. It is so ordered.

McCARTY, C. J., and FRICK, J., concur.