# STATE ex rel. SNELL v. THIRD JUDICIAL DISTRICT COURT et al.

### No. 2036.  Decided July 7, 1909 (103 Pac. 261.)

1. JUSTICE OF THE PEACE—APPEAL—JURISDICTION OF DISTRICT COURT. Rev. St. 1898, section 3744, providing that an appeal from justice's court to the district court shall be taken by filing a notice thereof with the justice and serving a copy on the adverse party, requires the transcript on appeal to show that notice of appeal was filed with the justice, and that a copy was served on the adverse party, or the district court will not acquire jurisdiction, and a defect in the record, resulting from a failure to show service of the copy, cannot be supplied in the district court by affidavits of service.[1]  (Page 269.)

2. APPEAL AND ERROR—RECORD—JURISDICTION OF LOWER COURT. The jurisdiction of an appellate court must, as a general rule, be made to appear from the record.  (Page 271.)

3. APPEAL AND ERROR—RECORD—AMENDMENT. The record on appeal cannot, as a general rule, be amended in the appellate court. (Page 271.)

4. JUSTICES OF THE PEACE—APPEAL TO DISTRICT COURT—DEFECTS. Where the transcript on appeal from justice's court to the district court fails to show service on the adverse party of a copy of the notice of appeal, the district court, though not acquiring jurisdiction, may permit appellant to supply the defect by having recourse to the justice's court, and, when the defect is supplied and filed in the district court, it may proceed to hear the case.  (Page 271.)

5. JUSTICES OF THE PEACE—RIGHT OF APPEAL. The right of appeal from justice's court to the district court is guaranteed by the Constitution; but the exercise of the right depends on a substantial compliance with the statute.  (Page 272.)

6. COURTS—WANT OF JURISDICTION—EFFECT. Where the court has no jurisdiction, there is no legal right to hear and determine. (Page 272.)

7. PROHIBITION—ADEQUACY OF OTHER REMEDY. Where the district court attempts to proceed with a cause appealed to it from justice's court, though it has no jurisdiction because of a defect in the transcript failing to show service of a copy of the notice

[1] People v. Gough, 2 Utah 69.

of appeal, the remedy of the party successful in justice's court is by prohibition to arrest further proceedings, subject to the right of the court to permit appellant to supply the defect of proof of service by filing proof thereof in justice's court, so that on proof of service being certified by justice's court the district court may proceed to determine the case. (Page 272.)

Application for a writ of prohibition by the State of Utah, on the relation of J. W. Snell, against the Third Judicial District Court and another, to prohibit it from proceeding in an action appealed from justice's court.

WRIT ISSUED.

*E. A. Walton* for plaintiff.

*Wm. R. Hall* for defendants.

FRICK, J.

This is an original application to this court for a writ of prohibition.

The material facts stated in the affidavit for the writ are: That on the 4th day of October, 1903, the petitioner, hereafter designated "plaintiff," recovered a judgment in the justice court of Murray City, Salt Lake County, Utah, against one Orson Winter, who, with the Honorable T. D. Lewis, as one of the judges of the district court of Salt Lake County, is made a party to the proceeding; that thereafter said Winter caused an appeal to be taken from said judgment to the district court of Salt Lake County by filing in said district court a transcript of the proceedings had in said justice court; that said transcript contains a notice of appeal, but does not contain any proof of service of said notice on any person whatever; that plaintiff, in due time, filed a motion in the district court to dismiss said appeal upon the grounds that "no notice of appeal was served upon the plaintiff," and, further, that the court "had no jurisdiction to determine said cause except to dismiss the appeal." When the motion to dismiss the appeal came on for hear-

ing, the district court permitted said Orson Winter to supply the defect of proof of service by filing an affidavit of his attorney from which it is made to appear that service of the notice of appeal was in fact made within proper time, and that the proof of service was not disclosed by the record because it was "omitted or eliminated through means unknown to affiant." After permitting the affidavit to be filed in the case, and upon consideration thereof, the district court refused to dismiss the appeal and directed that the case proceed to a hearing on merits. To prohibit the court from so proceeding, the plaintiff has filed the application as aforesaid, in which he prays for a writ of prohibition. An alternative writ was duly granted, directed to Hon. T. D. Lewis, as judge of said district court, and to the defendant Orson Winter, requiring them to show cause on a day named why they should not be prohibited from proceeding further with said appeal. The defendant Orson Winter duly appeared and filed what is termed an "answer." No facts are set forth, however, in said answer, which in any way could be construed a defense to the facts set forth in the application for the writ. The most that can be said is that the so-called "answer" raises an issue in law the same as a general demurrer would do, and we have so considered it.

When the appeal was taken, section 3744, Revised Statutes 1898, was in force. That section, among other things, provides that: "The appeal shall be taken by filing a notice thereof with the justice, and serving a copy on the adverse party." In another section, in order to perfect an appeal, an undertaking is provided for; but the matter is not material in this case. It will be observed that two things are required to be done by the foregoing section, namely, the filing of a notice of appeal with the justice, and the serving of a copy thereof upon the adverse party. The transcript on appeal in this case discloses that the notice of appeal was duly filed with the justice; but the record is silent with respect to the service thereof. This latter fact it seems the defendant Orson Winter conceded

in the district court by attempting to supply the defect by making proof of the act of service by filing an affidavit. In this court he does not attempt to dispute the fact that before the filing of the affidavit there was absolutely no proof of any kind before the district court that the notice of appeal had been served as required by law; but his counsel contends that the defect of proof of service of the notice could be supplied by a showing *dehors* the transcript or record on appeal that service had in fact been made. Counsel for plaintiff, upon the other hand, contends that the notice of appeal and the service thereof are jurisdictional, and that, unless these jurisdictional facts affirmatively appear from the record as transmitted to the district court, the district court has no jurisdiction of the "adverse party," and hence all the district court has power to do is to dismiss the appeal, and further that the defect cannot be supplied by proof *aliunde* in the district court. The Supreme Court of the territory of Utah, in the case of *People v. Gough*, 2 Utah 69, has passed upon the precise point in question. It is there said: "In this case the notice was filed with the clerk; but the record does not show that any copy was served upon the adverse party. This defect in the record is sought to be supplied in this court by affidavits showing the service. We do not think this can be done. This court must be bound by the record as we find it, and cannot allow it to be amended in this court by extraneous proof."

Counsel for Winter seeks to distinguish *People v. Gough* from the case at bar upon the sole ground that *People v. Gough* involved an appeal in a criminal action, while the case at bar is civil. The statute requiring notice of appeal and service thereof was in terms the same in *People v. Gough* that it is in the case at bar. The question is not what the nature of the proceedings were, but it is, What are the powers of the district court? It will not be disputed, we think, that the general, if not the universal, rule is that whether an appellate court has jurisdiction over the parties must appear from the record on appeal, and unless jurisdiction is made to appear from the record itself no ju-

risdiction exists, and, further, that a record on appeal cannot, as a general rule, be changed or amended in an appellate court.   While there are a few cases to the contrary, the great weight of authority is clearly to this effect.   Among the many cases that could be cited, we refer to the following:   *Young v. Conklin*, 3 Misc. Rep. 122, 23 N. Y. Supp. 993; *Forman v. New York Tr. Co.*, 48 Misc. Rep. 621, 95 N. Y. Supp. 581; *Hildreth v. Gwindon*, 10 Cal. 490; *Crancer & Curtis Co. v. McKinley Music Co.*, 69 Neb. 700, 96 N. W. 617; *Whisler v. Whisler*, 162 Ind. 136, 70 N. E. 152; *Godfred v. Godfred*, 30 Ohio St. 53; *Mouser v. Palmer*, 2 S. D. 466, 50 N. W. 967.   In 2 Spelling, New Tr. & App. Pro., the author, in section 638, page 1339, says:

"The jurisdiction of the appellate court must appear by the transcript, nor can other evidence of its jurisdiction be considered. This proposition has reference, of course, to the completed transcript, after all has been done that may be done to cure defects therein. The necessity for the filing of a notice of appeal has been already pointed out. This jurisdictional fact must appear in the transcript."

The same doctrine is laid down by Elliott in his work on Appellate Procedure (section 180).

We are clearly of the opinion that, inasmuch as the record on appeal did not disclose service of the notice of appeal, the district court did not have jurisdiction of the plaintiff, who was the adverse party on the appeal.   We are equally clear that the court cannot acquire jurisdiction of the plaintiff in the manner it was attempted to be done.   The district court was powerless to cure the defect of proof of service by hearing the evidence by which the fact of service was sought to be established and in that way determine the fact of service in the appellate court.   In determining whether jurisdiction existed, the appellate court was compelled to rely upon the record, and not upon evidence *aliunde*.   If the record fails to show service, and the appellant suggests that service was in fact made, but was

omitted from the record for any reason, the court, no doubt, may permit the appellant to supply the defect by having recourse to the court from which the appeal is taken, and, when the defect is thus supplied and filed in the district court as an authentic record from the court from which the appeal is taken, the appellate court may then proceed to hear the case. The court is not bound to dismiss the appeal in the first instance when a motion is made upon the ground that the record is defective in this regard, but may suspend proceedings for a time reasonably sufficient to permit the appellant to cure the defect, if he suggests that it can be cured by reason of the existence of the fact which the record as it stands fails to disclose. That this may be done in the way suggested is clearly held in a number of the cases before cited.

In this state the right of appeal from justices' courts to the district courts is constitutional, and the judgments of the district courts in such cases, with certain exceptions, are final. The right of appeal is therefore guaranteed by the Constitution itself, and is a valuable right. This right should not be frittered away by matters not of substance. The exercise of the right, however, depends upon a substantial compliance with the statute. The statute, as we have seen, requires the filing of a notice of appeal in the justice court from whose judgment the appeal is taken and the service of a copy thereof upon the adverse party. Unless this is done the district court acquires no jurisdiction of the adverse party. Where there is no jurisdiction, there can be no legal right to hear and determine. The procedure is simple and is easily complied with, and it is the duty of the courts to insist upon a substantial compliance at least with the statute. So far as the record on appeal in question shows, this was not done, and hence the district court is clearly attempting to proceed without or in excess of jurisdiction; and, as we have pointed out, the judgment in the district court being final, the plaintiff had

no remedy except to arrest further proceedings by prohibition.

We are of the opinion that a peremptory writ of prohibition should issue in this case, but that the same should contain a direction to the defendant Hon. T. D. Lewis, as judge of the district court of Salt Lake County, to permit Orson Winter to supply the defect of proof of service of the notice of appeal, if he so desires, by filing the same in the justice court from which the appeal is taken, and, if proof of service is duly certified by said justice court to the clerk of the district court of Salt Lake County within the time within which the same is ordered to be so filed by said district court, then said district court may proceed to hear and determine the appeal; but, if said proof of service is not so filed as aforesaid, then said district court is hereby ordered and directed to dismiss said appeal.

It is further ordered that the defendant Orson Winter is required to pay the costs of this proceeding.

STRAUP, C. J., and McCARTY, J., concur.