STATE ex rel. WALTON v. THIRD JUDICIAL DIS-
TRICT COURT OF SALT LAKE COUNTY et al.

N.o 1923.   Decided November 11, 1909 (105 Pac. 105).

1. JUSTICES OF THE PEACE—APPEAL—PROCEEDINGS FOR TRANSFER—
APPELLATE JURISDICTION—CONCLUSIVENESS OF RECORD. Rev. St.
1898, section 3744, provides that a party dissatisfied with a jus-
tice's judgment may appeal to the district court by filing a notice
thereof with the justice and serving a copy on the adverse par-
ty, under which the order of filing of the notice of appeal and
the service of a copy is material, and the filing of the notice must
precede the service, or both must be done at the same time, or
on the same day.   Section 3748 provides that, when appellant
files his undertaking on appeal, notice of such filing shall be
given to respondent, under which both the filing of an under-
taking and service of notice of such filing are made a prerequi-
site to an appeal.   The transcript of a justice's record show-
ed that notice of appeal was served on February 4, 1907, and
that the notice was filed on the next day, and showed a docket
entry that an undertaking on appeal was filed on February 5th.
Neither the original undertaking nor a copy thereof was in the
record, and it did not show that any notice of the filing of the
undertaking was given, or that a copy was served.   Held, that
the district court should confine itself to the recitals in the
transcript in determining whether the statute had been com-
plied with, and could not consider affidavits to contradict the
record and show that the notice of appeal was filed on February
4th, instead of February 5th, so that the law would assume,
from the contemporaneous filing and service of the notice, that
the filing of the proper paper was done first, nor could it con-
sider affidavits to show that the undertaking and notice of the
filing thereof were presented to the justice for filing, and, the
record not showing a compliance with the statute, the district
court acquired no jurisdiction.1   (Page 504.)

2. JUSTICES OF THE PEACE—APPEAL—PROCEEDINGS FOR TRANSFER—
COMPLIANCE WITH STATUTE—AFFIDAVITS.   The affidavits as to
the undertaking, not showing that the notice of its filing was
served on respondent, or that a copy of the undertaking was
served, or that any kind of a notice as to the undertaking was
served on or given to the adverse party, but merely that an

1 State ex rel. Peart v. District Court, 32 Utah 418, 91 Pac. 133;
State ex rel. Snell v. District Court, 36 Utah 267, 103 Pac. 261.

undertaking and a notice of the filing thereof were prepared for service and presented to the justice's court for filing, did not show a compliance with the statute, in fact. (Page 507.)

3. JUSTICES OF THE PEACE—APPEAL—PROCEEDINGS FOR TRANSFER—FILING AND SERVICE OF NOTICE. Evidence *held* to show that the filing of notice of appeal from a justice's judgment did not in fact precede the service of the notice, as required by Rev. St. 1898, section 3744, providing that a party dissatisfied with a justice's judgment may appeal to the district court by filing a notice of appeal with the justice and serving a copy on the adverse party. (Page 507.)

Prohibition by the state, on relation of E. A. Walton, against the Third Judicial District Court of Salt Lake County and others.

WRIT GRANTED.

*E. A. Walton* for plaintiff.

*H. A. Smith* for defendants.

STRAUP, C. J.

The Coalville Co-operative Mercantile Institution obtained a judgment in the justice court against Edward Mackey and his wife on the 11th day of January, 1907. The transcript of the justice's record, as transmitted to the district court on an attempted appeal, shows that the Mackeys served a notice of appeal on the 4th day of February, 1907, and that the notice was filed on the 5th day of February. The transcript further shows a docket entry that an undertaking on appeal with two sureties was filed on the 5th day of February. Neither the original undertaking nor a copy thereof is contained in the record so transmitted, nor does the record show that any notice of the filing of the undertaking was given, or that a copy of the undertaking was served. After the record was transmitted to the district court, the plaintiff moved that court to dismiss the appeal for want of jurisdiction of the cause. The court denied the motion and assumed jurisdiction. Thereupon the relator,

on behalf of the plaintiff, applied to this court for a writ of prohibition to arrest the further action of the court. The relator contends that the statute in force when the appeal was attempted to be taken (section 3744, Revised Statutes 1898) required a filing of the notice of the appeal and a service of a copy on the adverse party, that the order of filing and service was material, and that the filing of the notice must precede the service. He also contends that the statute then in force (section 3748, Revised Statutes 1898) required the appellants, when they filed an undertaking on appeal, to give notice of such filing to the adverse party, and that notice of such filing of the undertaking is made a prerequisite to effectuate an appeal. In the case of *State ex rel. Peart v. District Court,* 32 Utah 418, 91 Pac 133, we held, under those provisions of the statute, that the order of filing a notice of appeal and the service of a copy was material, and that the filing of the notice must precede the service, or that both must be done at the same time, or on the same day, for, when both acts are done at the same time, the law, as in all contemporaneous acts, will regard that as first done which was required to be done first. We also there held that in an appeal from a justice court to the district court the filing of an undertaking and the service of notice of such filing is by statute made a prerequisite to effectuate an appeal, and that, if notice of such filing was not given, the filing of the undertaking must be regarded as no undertaking, the appeal ineffectual, and the district court without jurisdiction. Our reasons for so holding are there fully set forth.

Now, it is here made to appear that the record of the justice court, as transmitted to the district court, shows that a notice of appeal was served February 4th and was filed February 5th. That record clearly discloses that the filing of the notice did not precede the service, nor does it disclose that the filing and service were had at the same time or on the same day. To the contrary, the record shows that the filing and service were not contemporaneous, but that they were done on different days,

and that the service preceded the filing. Upon such facts so made to appear by the record, if our holding in the Peart case is to be followed, the notice of appeal was ineffectual, and the court for that reason was without jurisdiction. Evidently to avoid the effect of such holding, the appellants in the district court, when the motion to dismiss the appeal was made, offered and were permitted to put in evidence affidavits, over the objections of the relator, tending to show that the notice of appeal was served February 4th, and that Edward Mackey, after the notice was served, took it, the undertaking on appeal, and a notice of the filing of an undertaking, to the justice's office for filing at about 5 o'clock p. m. of that day. As deposed by him, not finding the justice at his office at that time, he called at his office the next morning and presented such papers to the justice for filing. The notice of appeal and the undertaking were thereupon filed as presented on February 5th. From this it is argued that when the notice of appeal was taken to the justice on the 4th day of February, and the justice not being there to receive it, such act constitutes in law the filing of the notice on that day, and hence the notice of appeal must be regarded as having been filed, not on the 5th day of February, as shown by the record transmitted from the justice court, but on the 4th day of February, the same day that it was served. From this it is then further argued that the filing and service of the notice were contemporaneous, and that the law will presume that the filing which was required to be done first was first done, notwithstanding the record, as transmitted, and the evidence, as shown by the affidavits, indisputably show the contrary.

We are of opinion that evidence *dehors* the transcript or record on appeal was inadmissible (*State ex rel. Snell v. District Court,* 36 Utah 267, 103 Pac. 261), in aid of such matters; and we think it may safely be said that under the authorities generally it is not admissible to contradict or dispute such a record, in such instance, by affidavits or other evidence *dehors* the record. We think it would lead to much mischief if the rule were otherwise.

Furthermore, the evidence which was offered by the appellants and admitted by the court shows that the filing did not precede the service of the notice. That evidence also, without dispute, shows that the notice was served on the 4th day of February, before it was filed, and that it was then taken to the office of the justice for filing, but, owing to the absence of the justice the notice, as matter of fact, was not filed until the next day. Whatever presumptions of law might be indulged from two contemporaneous acts, that the one required first to be done was done first, was entirely dissipated by the evidence offered by appellants, which indisputably showed that the service of the notice was, as matter of fact, first made, and that the notice was then presented for filing, and was filed the day thereafter; but aside from this consideration, the order of filing and service, having heretofore been held to be material, and that the filing must precede the service, and the record of the justice as transmitted to the district court clearly showing that the filing did not precede the service, we think the court, under the ruling of the Snell Case, was bound by that record, and was unauthorized to itself ascertain the fact by hearing evidence *dehors* the record.

The record of the justice court, as transmitted to the district court, shows that an undertaking on appeal was filed on the 5th day of February. The record does not show that any notice of the filing of the undertaking was given, or that any notice with respect to the undertaking was given or served. The statute provides that "when an undertaking on appeal is filed notice of such filing shall be given to the respondent." In the Peart Case, having under consideration this provision of the statute, we said:

"The contention made by the relator is that the defendant Hendrickson was required to give notice, not of an intention of filing an undertaking, but notice of the filing of an undertaking, that such a notice was not given, and hence the filing of the undertaking must be regarded as no undertaking, and therefore the appeal is ineffectual, and the district court is without jurisdiction. We think the position is well taken. The filing of the undertaking and the serving of a notice of such filing is by statute made a prerequisite to effectuate an appeal."

We there held that, when the undertaking is filed, "notice of such filing" shall be given to the respondent.

Again, the appellants in the district court were permitted to show by affidavits, over the objections of the relator, that the undertaking and a notice of the filing of the undertaking were presented to the justice for filing. They did not offer to show, nor was it shown, that a notice of the filing of the undertaking was served on the respondent, or that even a copy of the undertaking was served, or that any kind of a notice with respect to the undertaking was served on or given to the adverse party. What is shown by the affidavits is that an undertaking and a notice of the filing of an undertaking were prepared for service, and that they were presented to the justice court for filing; but it was not shown that a notice of the filing of the undertaking or any notice in respect of the undertaking was served or given. Counsel for appellants, the respondents here in their brief say: "It may also be contended that, in the filing of these documents, another notice that the undertaking had been filed should be given. We see no reason for doing this." It is sufficient reason requiring it to be done when the statute provides that "notice of such filing shall be given" to the adverse party, and our prior holding that the giving of such a notice is a prerequisite. We are, however, also of the opinion that, under the ruling made in the Snell Case, the court could not properly receive the affidavits or other evidence *dehors* the record to determine whether or not such notice had been given. The giving of a notice of the filing of the undertaking being a prerequisite, the court must look to the transcript of the record as transmitted to it to ascertain such fact, and unless the record, as transmitted to the court, discloses that notice of such filing was given, the court is without jurisdiction to proceed.

We think the writ ought to issue.

It is so ordered. The costs of this proceeding are ordered taxed against Edward Mackey and Mrs. Mackey.

FRICK and McCARTY, JJ., concur.