## STEELE & COMPANY v. THIRD DISTRICT COURT et al.

No. 2367.   Decided August 5, 1912 (126 Pac. 321).

JUSTICES OF THE PEACE—APPEAL—OBJECTIONS TO JURISDICTION—
    WAIVER.   While a party may waive irregularities in the taking
    of an appeal and the service of notice by an express or un-
    equivocal act, he does not waive jurisdictional defects on an
    appeal from justice court by consenting that the case be set
    for trial after a motion to dismiss the appeal has been over-
    ruled.[1]

Original application by Steele and Company for a writ of prohibition against the Third District Court and another.

PEREMPTORY WRIT ISSUED.

*George B. Hancock* for plaintiff.

*Edwards & Ashton* for defendants.

FRICK, C. J.

This is an original application to this court for a writ of prohibition, directed to the district court of Salt Lake Coun-ty, to restrain said court from taking jurisdiction and from trying an action wherein Steele & Co. is plaintiff and J. C. Moses is defendant, which action was tried in the justice court and appealed to the district court aforesaid.

Upon a very careful examination of the record certified up by the district court, we are unable to distinguish this case from the cases of *State v. Peart*, 32 Utah, 418, 91 Pac. 133; *State v. District Court*, 36 Utah, 267, 103 Pac. 261; and *State v. District Court*, 36 Utah, 502, 105 Pac. 105.  Coun-sel for the defendants seek to distinguish this case from the cases just cited, for the alleged reason that after the district

---

[1] State v. Peart, 32 Utah, 418, 91 Pac. 133; State v. District Court, 36 Utah, 267, 103 Pac. 261; State v. District Court, 36 Utah, 502, 105 Pac. 105.

court had overruled the motion to dismiss the appeal, which was interposed upon the grounds that the court was without jurisdiction, the case, with the consent of counsel for both sides, was set for trial. In the cases cited above, it is squarely held that the defects here complained of were jurisdictional. In view of that fact, the court did not acquire jurisdiction of the case at bar, simply because the case was set for trial by consent of all of the parties. By this we do not mean to be understood as holding that a party may not be held to have waived irregularities in taking an appeal, or in having notices served upon him, when it is clearly made to appear that such party, either expressly or by an unequivocal act, has waived such irregularities. The record in this case, however, discloses the contrary, in that it appears therefrom that the plaintiff here always contended that the district court was without jurisdiction. The mere fact, therefore, that the case was set for trial with the consent of counsel after the motion to dismiss was overruled does not necessarily indicate that the plaintiff waived anything. Moreover, the rulings of the district court in this case were all made before the cases we have cited above were decided by this court. If such had not been the case, we think that the court would have sustained the motion to dismiss the appeal.

We cannot avoid the conclusion that this case is controlled by the cases we have cited above; and for that reason it is hereby ordered that a peremptory writ of prohibition issue in this case, directing the district court to dismiss the appeal as prayed for in the application. Plaintiff to recover costs against the defendant, J. C. Moses.

McCARTY and STRAUP, JJ., concur.