## CHRISTENSEN v. CHRISTENSEN, District Judge, et al.

### No. 3217.   Decided May 6, 1918.   (173 Pac. 383.)

1. JUSTICES OF THE PEACE—UNDERSTANDING ON APPEAL—EXECUTION BOND. Where an appeal is taken from the justice court to the district court, the undertaking on appeal and the stay of execution bond may be incorporated in one instrument.[1] (Page 258.)

2. JUSTICES OF THE PEACE—UNDERTAKING ON APPEAL—FILING—STATUTES. Under Comp. Laws 1907, section 3747, providing that on appeal from justice to district court an appeal undertaking shall be filed with justice, and further providing that an execution stay bond must be approved by justice or by district court clerk, the filing with district court clerk of an instrument incorporating the two was sufficient compliance therewith as to undertaking bond. (Page 258.)

3. MANDAMUS—DEMURRER—ADMISSIONS. By interposing demurrer to declaration in mandamus proceedings, defendants admit the facts alleged therein. (Page 258.)

4. JUSTICES OF THE PEACE—NOTICE OF APPEAL—SUFFICIENCY OF SERVICE. Where an appeal is taken from the justice to the district court, notice. thereof, as required by Comp. Laws 1907, section 3744, is sufficiently served within sections 3331-3333, providing means whereby service may be made, where a copy of such notice is mailed, postage prepaid, addressed to the attorney for adverse party at his place of business; there being daily delivery between place of mailing and place of delivery. (Page 258.)

5. MANDAMUS—SUBJECT OF RELIEF—REFUSAL TO ENTERTAIN APPEAL. Where district court erroneously dismisses appeal upon the ground that it has no jurisdiction to entertain the appeal, and such conclusion is based upon a mistake of law and not one of fact, it can be compelled by mandamus to proceed with the appeal.[2] (Page 258.)

6. JUSTICES OF THE PEACE—APPEAL—JURISDICTION—DEFECTS. Under Comp. Laws 1907, section 3750, providing that the only defect that defeats jurisdiction of district court to hear appeal from justice court is failure to serve and file notice of appeal, proof of service invests court with jurisdiction, after which it cannot refuse to hear appeal on the merits. (Page 258.)

7. JUSTICES OF THE PEACE—NOTICE OF APPEAL—APPEAL BOND—''FILED''—FAILURE OF CLERK TO ENDORSE. Where notice of appeal

[1]*Peale* v. *Clarke*, 50 Utah, 83, 166 Pac. 981.

[2]*Ketchum Coal Co.* v. *District Court*, 48 Utah, 342, 159 Pac. 737; *Hoffman* v. *Lewis*, 31 Utah, 179, 87 Pac. 167.

and appeal undertaking are placed with the clerk of district court for purpose of being filed, and the statutory fees paid the clerk, the papers are ''filed'' in contemplation of law, although clerk failed to indorse papers as filed. (Page 259.)

8. JUSTICES OF THE PEACE—JURISDICTION—DEFECTIVE NOTICE OF APPEAL. Failure of a notice of appeal from justice to district court to show on its face the title of the court in which it is filed, as required by Comp. Laws 1907, section 3744, is not fatal to the jurisdiction of district court to hear the appeal, section 3750 providing that the only defect that will defeat jurisdiction is failure to serve the notice. (Page 260.)

9. JUSTICES OF THE PEACE—DEFECTIVE NOTICE OF APPEAL—AMENDMENT. Failure to show the title of the court in which a notice of appeal has been filed on the face thereof, as required by Comp. Laws 1907, section 3744, is a formal defect that may be cured at any time. (Page 260.)

10. JUSTICES OF THE PEACE—DEFECTS IN NOTICE OF APPEAL—WAIVER. Failure to show on the face of the notice of appeal the title of the court in which it is filed is waived, where no mention therefore is made in the motion to dismiss the appeal. (Page 260.)

11. JUSTICES OF THE PEACE—APPEAL—NOTICE—PROOF OF SERVICE. On appeal from justice to district court, where notice of appeal has been duly served, but no proof of service thereof appears of record, appellant has right to cure such defect by filing with the clerk the proper proof of service.[1] (Page 260.)

Original proceedings in mandamus by Lars Christensen against George Christensen, as Judge of the District Court of Emery County, and others.

Writ to issue if district court does not proceed with case after being served with copy of the opinion.

*B. W. Dalton* for plaintiff.

*Arthur M. Truman* for defendants.

FRICK, C. J.

The plaintiff applied to this court for an alternative writ of mandate to require the defendant Hon. George Christen-

---

[1] *State ex rel.* v. *District Court*, 36 Utah, 267, 103 Pac. 261.

sen, as Judge of the district court of Emery county, Utah, to assume jurisdiction of and to hear plaintiff's appeal and to determine the same on the merits. The plaintiff, in his application, in substance, alleges: That on the 4th day of December, 1917, in an action then pending before one Le Roy Black, justice of the peace in and for Huntington precinct, Emery county, Utah, wherein the plaintiff herein was plaintiff and George and Kanakis Ritzakis were defendants, said justice entered judgment against the plaintiff for costs; that on the 22d day of December, 1917, plaintiff filed with the clerk of the district court of Emery county a notice of appeal and at the same time also filed with said clerk an undertaking on appeal and to stay execution, and paid the said clerk the statutory fees required for filing an appeal from the justice court to the district court; that on said day plaintiff's attorney duly served notice of appeal by mailing a copy thereof, postage prepaid, addressed to the defendants' attorney at his place of business; that there is a daily mail between the place where said notice and said undertaking were mailed as aforesaid and the home and office of defendants' attorney; that thereafter, on the 9th day of February, 1918, said justice of the peace duly filed with the clerk of the district court of Emery county a transcript of his docket in the case aforesaid together with all of the papers in said cause; that on the 11th day of February, 1918, or two days thereafter, the attorney for the defendants in said action filed with the clerk of the district court aforesaid a motion to dismiss said appeal upon the following grounds: (1) That an undertaking on appeal was not filed with the justice of the peace who tried the cause "within five days from the date of said notice of appeal"; (2) that the record "does not show that any undertaking was ever filed with said justice of the peace"; and (3) that no "notice of appeal was ever filed"; that when said motion was called up for argument, and before it was submitted, plaintiff's attorney applied to said judge for leave to file proof of service of notice of appeal upon the defendants' attorney, and that plaintiff's attorney then offered to make and file said proof of service as aforesaid; that said judge

denied plaintiff's request and offer as aforesaid, for the reason that the district court was without jurisdiction to grant said request, and thereupon dismissed said appeal "for the reason that the record did not show that the defendants had been duly served with a copy of said notice of appeal, and therefore the court was without jurisdiction, and for the further reason that the said court was without jurisdiction because the undertaking on appeal had not been filed with said justice of the peace." The plaintiff also alleged that he "has no plain, speedy, or adequate remedy in the ordinary course of law." The defendants in this proceeding all appeared in this court by attorney, and filed a general demurrer to the application. The case was heard and submitted on the demurrer. The demurrer concedes all of the foregoing facts, and the only question for determination is whether the conceded facts entitle the plaintiff to the relief prayed for.

Defendants' counsel invokes the familiar doctrine that appeals are statutory, and that the statute granting the right and prescribing the requirements of appeals must be complied with, and that in case the conditions imposed by the statute are not complied with the appeal cannot prevail. While we agree to the general rule insisted on by defendants' counsel, yet we cannot ignore the fact that not all requirements of the statute are jurisdictional, and hence certain defects may always be cured by amendment when application is seasonably made. Two questions are therefore presented: (1) What are the requirements of our statute respecting appeals from a justice court to the district court? (2) Has the plaintiff complied with such requirements?

Comp. Laws 1907, section 3744, provides that the aggrieved party may appeal to the district court within thirty days after the rendition of a final judgment by the justice of the peace. That section further provides:

"The appeal shall be taken by filing a notice thereof with the justice, or in the clerk's office of the district court to which said appeal is taken, and serving a copy on the adverse party. The notice shall show on its face the title of the court in which it is so filed. In case the appeal is taken by filing a notice in

the district court, and upon the perfection of such appeal, the clerk of said court shall notify the justice thereof."

Section 3747, in substance, provides that within five days after filing the notice of appeal an undertaking shall be filed with the justice, etc. The undertaking here referred to is what is termed an undertaking on appeal. That section, however, also provides for a "bond" or an undertaking to "stay execution." It is further provided in that section:

"When a bond is given to stay execution, it must be approved by the justice or by the clerk or judge of the district court to which said appeal is taken."

The section, therefore, clearly implies that an undertaking may be filed with the clerk of the district court. Section 3748 provides that an undertaking must be accompanied by the affidavits of the sureties, etc., and, further, that the appellant may deposit an amount equal to the judgment and costs with the justice or with the clerk of the district court in lieu of the undertaking on appeal. In case the money is deposited with the justice he must transmit the same to the clerk of the district court. Section 3750 provides:

"No failure to comply with any provision of law relating to appeals from justice's court to the district court, except a failure to serve and file a notice of appeal, shall defeat the jurisdiction of the district court over the case attempted to be appealed."

That section also provides that an appeal may be dismissed: (1) If the papers are not filed in the district court and the fees are not paid within thirty days after the transcript was received by the clerk; (2) "that the undertaking was not filed within five days after the filing of notice of appeal"; and (3) "that appellant failed to file a new and sufficient undertaking when so ordered by the court." Those are the only grounds upon which an appeal may be dismissed. There is another section, namely, section 3319, which is material here. It reads:

"When a party shall in good faith give notice of appeal, and shall omit, through mistake or accident, to do any other act necessary to perfect the appeal or make it effectual, or to stay

proceedings, the court from which the appeal is taken, or the judge thereof, or the Supreme Court or one of the justices thereof, may permit an amendment or the proper act to be done, on such terms as may be just.''

.The statute also provides that the adverse party may except to the sureties in the undertaking within a specified time, and, in case such exception is made within the time required, the sureties, or others in their stead must justify showing their qualifications as sureties.

While the foregoing is but a mere synopsis of the different sections of the statutes affecting appeals, yet, in our judgment, the controlling provisions governing appeals from justice courts to the district courts are sufficiently outlined.

From the conceded facts it will thus be seen that the plaintiff did serve a notice of appeal within the time required by the statute; that he filed such notice with the clerk of the district court, and at the same time also filed his undertaking with said clerk. While it is true that an undertaking on appeal does not necessarily stay execution, yet in the case at bar the undertaking filed by the plaintiff is sufficient, and was intended to answer the purpose of both undertaking on appeal and a stay bond. That both may be incorporated in one instrument has recently been decided by this court in the case of *Peale* v. *Clark*, 50 Utah, 83, 166 Pac. 981. The undertaking was therefore filed with the clerk of the district court in compliance with the provisions of section 3747, supra. It, however, appears from the application that no proof of service of the notice of appeal appears either in the transcript from the justice court or from the record as made in the district court. The proof of service of such notice was therefore lacking. As we have seen, however, by interposing the general demurrer, defendants admit that the notice of appeal was actually served by mail upon the attorney for the defendants in the case originating in the justice court. Under our statute (Comp. Laws 1907, sections 3331–3333, the service of a notice, if made as alleged in the application, was legally sufficient. Service of the notice of appeal and the undertaking was therefore complete. The only defect appar-

ent on the record was the lack of proof of service, and not the lack of actual service of notice of appeal. By section 3750 the only defect that defeats the jurisdiction of the district court of an appeal is the "failure to serve and file a notice of appeal." The notice of appeal having been served and filed in the case referred to, all that was left undone was to make that fact evident by proper proof of service. The apparent defect plaintiff's counsel, however, offered to supply before the court passed on the motion to dismiss the appeal, and before it was submitted. From the application it also appears that the court refused plaintiff's counsel permission to supply the defect upon the sole ground that it was without jurisdiction or power to do so. The court, in dismissing the appeal, therefore, was controlled by the thought that it was without jurisdiction as a matter of law, and not that it was without jurisdiction as a matter of fact or otherwise. When such is the case, the district court may be coerced by mandamus to assume jurisdiction and proceed with the appeal. *Ketchum Coal Co.* v. *District Court*, 48 Utah, 342, 159 Pac. 737. If proof of service of the notice of appeal had been allowed to be made and filed as proffered by plaintiff's attorney, the jurisdiction of the district court would have been made apparent on the face of the record, and, as soon as that fact was made apparent, the district court was invested with full jurisdiction of the appeal, and could not thereafter legally refuse to hear it on the merits.

It is, however, insisted that the undertaking was not filed in the justice court, where the statute required it to be filed. We have, however, seen by section 3747 the bond or undertaking to stay execution may be filed in the district court, and may be approved either by the clerk or the judge of the district court.

Defendants' counsel, however, also insist that it does not appear that the undertaking was filed in any court. The allegation in the application, however, is that the undertaking was filed with the clerk of the district court wherein the notice of appeal was filed, and the allegation is admitted by the demurrer. If it were conceded, however,

that the clerk failed to indorse the papers as filed, yet if they were lodged with the clerk for the purpose of being filed and the statutory fees were paid as alleged and conceded, then, in contemplation of law, both the notice of appeal and the undertaking were filed.

This brings us to the last objection of defendants' counsel, namely, that the statute requires that the notice of appeal "shall show on its face the title of the court in which it is filed," and that the notice here in question is entitled in the justice court from which the appeal was taken, **8, 9, 10** although filed in the district court. That defect, as we have seen from section 3750, is not fatal, since that does not affect the jurisdiction of the district court. But quite apart from our statute, such a defect is merely formal and may be cured at any time. Phillips, Code Pleading, section 170; *McLeran* v. *Morgan*, 27 Ark. 148. Moreover, that defect is not mentioned in defendants' motion to dismiss the appeal and is therefore waived. Even though it had been mentioned, however, it is not a defect for which an appeal may be dismissed under section 3750, supra, as we have seen.

From what has been said, therefore, this case comes within the rule announced in *Hoffman* v. *Lewis*, 31 Utah, 179, 87 Pac. 167, where it was held that when, as here, there is no appeal from a judgment of the district court, and where, as here, that court refuses to take jurisdiction of the appeal upon the mistaken ground that it is without jurisdiction as a matter of law, this court will require that court to assume jurisdiction of the appeal in case the record shows all the jurisdictional facts.

It is also held in *State ex rel.* v. *District Court,* 36 Utah, 267, 103 Pac. 261, that if in fact service of notice of appeal was made, the defect of lack of proof of service may be supplied in the district court in the manner there stated. Plaintiff's counsel in the case at bar attempted to com- **11** ply with the rule announced in that case. He, however, as there suggested, asks to make the proof of service in the justice court, and to be certified to the district court. To do that was not necessary in this case, because the notice of

appeal was filed in the district court. All that counsel was required to do was to make proper proof of service of the notice of appeal and undertaking and file the same with the clerk of the district court. When that is done, the record will then be complete, and the district court may not then legally refuse to take jurisdiction of the appeal.

The district court, therefore, should have permitted counsel to make and file proof of service of notice of appeal and undertaking, and in view that it refused permission upon the sole ground that it had no jurisdiction to do so as a matter of law, its refusal, like in the Hoffman Case, supra, amounted to an unauthorized refusal to assume jurisdiction. It is therefore ordered that a peremptory writ of mandate issue, requiring the district court of Emery county to grant plaintiff's counsel leave to make proof of service of the notice of appeal and of the undertaking, and to file the same with the clerk of the district court, and, in case such proof is made and filed, to assume jurisdiction of the appeal, and to hear and dispose of the same upon the merits. It is further ordered that the issuance of the peremptory writ is suspended if the district court will proceed, without such writ being served upon him, upon the service of a copy of this opinion upon him. If he, however, refuses to proceed without the service of the peremptory writ, the same will then issue and be served as in other cases.

In view that the defendants George and Kanakis Ritzakis have resisted this application, costs are awarded to the plaintiff, to be taxed against said George and Kanakis Ritzakis.

McCARTY, CORFMAN, THURMAN, and GIDEON, JJ., concur.